UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PATRICIA K. PURCELL,

    Plaintiff,

v.

CHASE HOME FINANCE, LLC,

    Defendant.

Case No. 2:10-CV-02212-KJD-GWF

**ORDER**

    Presently before the Court is Plaintiff's Motion to Dismiss (#26). Defendant filed a response (#28) to which Plaintiff replied (#29). Also before the Court is Defendant's Emergency Motion to Strike Reply (#30). The Court has also considered Defendant's Motion to Expunge Lis Pendens (#16).

    Plaintiff seeks to voluntarily dismiss this action believing that the action may settle and at the least that she will be able to attend a state mediation program for homes in foreclosure. Furthermore, Plaintiff has filed a Chapter 13 Bankruptcy Petition. Plaintiff seeks to have the present action dismissed without prejudice, reserving the right to reinstate. Defendant has filed an answer, but does not opposed dismissal if the Court orders dismissal with prejudice.

    A district court should grant a motion for voluntarily dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result. See Smith v. Lenches,

263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." Id. at 976 (quoting Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996)). Failure to resolve the dispute or the threat of future litigation does not result in plain legal prejudice. Id. Defendant's main argument that the court should dismiss the case with prejudice is that it filed a motion for judgment on the pleadings which has not yet been opposed. Defendant asserts that it has been prejudiced by *pro se* Plaintiff's gamesmanship. Specifically, Defendant asserts that Plaintiff's request for an extension of time to oppose the motion for judgment on the pleadings and bankruptcy filing was merely done to prolong the proceedings and create "additional judicial hurdles related to enforcement" of the loan.

However, these facts, alone, do not demonstrate legal prejudice. See Westlands, 100 F.3d at 97 (waiting until settlement efforts failed to move for voluntary dismissal is not dilatory). Accordingly, the Court grants Plaintiff's motion to voluntarily dismiss the action without prejudice.[1] Furthermore, Defendant is protected in future litigation by Rule 42(d)(allowing a court to condition progress of a refiled action on payment of costs and fees related to a previous action that has been voluntarily dismissed). Additionally, the Court grants Defendant's Motion to Expunge Lis Pendens (#16).

Finally, the Court grants Defendant's Emergency Motion to Strike Pages 19-23 of Plaintiff's reply in support of her motion to voluntarily dismiss. The Settlement Agreement and Release were intended by the parties to be confidential. The general rule is that settlement negotiations are not admissible.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Dismiss (#26) is **GRANTED**;

IT IS FURTHER ORDERED that this action is **DISMISSED without prejudice**;

---

[1] Plaintiff must file a new action if she wishes to bring the claims again. The case cannot be "reinstated[.]"

1  IT IS FURTHER ORDERED that Defendant's Motion to Expunge Lis Pendens (#16) is **GRANTED**;

2  IT IS FURTHER ORDERED that  Defendant's Emergency Motion to Strike Reply (#30) is **GRANTED**;

3  IT IS FURTHER ORDERED that the Clerk of the Court **STRIKE** pages 19-23 of Objection to Defendant's Response to Plaintiff's Motion for Dismissal, Docket No. 30.

DATED this 12th day of May 2011.

_____
Kent J. Dawson
United States District Judge